IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE: SEMGROUP ENERGY        )
PARTNERS, L.P., SECURITIES    )        08-MD-1989-GKF-FHM
LITIGATION                    )

**ORDER**

On January 30, 2009, lead plaintiff Harvest Fund Advisors LLC filed a motion to modify the PSLRA stay of discovery (Doc. No. 27). The court granted the motion on February 5, 2009 (Doc. No. 30). In response to the Motion to Withdraw or Alternatively to Stay filed by defendant SemGroup Energy Partners, L.P. (Doc. No. 31), the court stayed its February 5 order pending further briefing by the parties (Doc. No. 33). Defendants filed a Response in Opposition to Plaintiff's Motion to Modify the PSLRA Stay of Discovery on February 12, 2009 (Doc. No. 49) and plaintiff filed a Reply Memorandum of Law In Further Support of Lead Plaintiff's Motion to Modify the PSLRA Discovery Stay on February 17, 2009 (Doc. No. 62).

Lead Plaintiff seeks a partial lifting of the stay imposed under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B). The purpose of the stay provision is to reduce the filing of frivolous lawsuits aimed at forcing corporate defendants to settle rather than bear the costs of discovery and to preclude plaintiffs from engaging in fishing expeditions to secure facts for a sustainable claim not alleged in the complaint. *See In re WorldCom, Inc., Sec. Litig.,* 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002). The PSLRA provides two exceptions which may justify lifting the stay: the need to preserve evidence and the need to prevent undue prejudice to the plaintiff. 15 U.S.C. §78u-4(b)(3)(B).

Lead Plaintiff cannot demonstrate a need to preserve evidence, because copies of all evidence produced in response to government and agency requests are reportedly being

preserved. However, Lead Plaintiff argues that without relief from the PSLRA stay, it will be the only major party without access to discovery in ongoing civil and criminal proceedings and risk being left to recover nothing from defendants. (Doc. No. 62, p. 4). Lead Plaintiff points out that, in addition to the ongoing document production in civil and criminal investigations, SGLP's General Partner has undergone an abrupt change in control, individual defendants have been ousted and SGLP's current executives are being deposed concerning the facts and circumstances giving rise to this action. (*Id.,* p. 6). Lead Plaintiff argues:

> This shifting landscape has resulted in Lead Plaintiffs being left without access to relevant documents previously made available to government agencies and being left behind creditors and others who are litigating without the handicap of a discovery stay. Lead Plaintiff also is in an environment in which the future solvency of all SemGroup-related companies is questionable. These circumstances result in Lead Plaintiff's possible recovery in this action being reduced or compromised.

(*Id.,* p. 8).

The court finds that a partial lifting of the discovery stay is warranted because the Lead Plaintiff would otherwise be prejudiced by its inability to make informed decisions about its litigation strategy in a "rapidly shifting landscape." *See Singer v. Nicor, Inc.,* 2003 WL 22013905 at *2 (N.D.Il. 2003); *In re WorldCom, Inc. Sec. Litig.,* 234 F.Supp.2d 301, 306 (S.D.N.Y. 2002); *In re Enron Corp. Sec. Derivative & ERISA Litig.,* 2002 WL 31845114 at *2; *In re FirstEnergy Corporation Sec. Litigation,* 229 F.R.D. 541, 545 (N.D. Ohio 2004).

Therefore, the court affirms its February 5, 2009 order (Doc. No. 30) granting plaintiff's motion. The stay of the February 5, 2009 order (Doc. No. 33) is hereby lifted.

ENTERED this 18th day of February, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma