**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE; SEMGROUP ENERGY PARTNERS, L.P., SECURITIES LITIGATION | ) ) ) ) | 08-MD-1989-GKF-FJM |

**OPINION AND ORDER**

This matter comes before the court on defendants' Joint Request for Judicial Notice [Doc. No. 204]. For the reasons set forth below, defendants' request is granted.

Pursuant to Federal Rule of Evidence 201, defendants asked the court to take judicial notice of two categories of documents in connection with their Motions to Dismiss Harvest Fund's Corrected Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). The first category of documents consists of documents incorporated into the Complaint by reference, and attached in the Appendix to defendants' request as Exhibits 1-9.[1] The second category consists of documents whose accuracy–defendant contends–cannot be

---

[1] Documents in this category include: Docket Nos., 3701, 3704, 3708, 3709, 3710 and 3711 in Cause No. 08-11525, in the United States Bankruptcy Court for the District of Delaware, Final Report of Louis J. Freeh (the "Examiner's Report") (App. Ex. 1); Examiner's Report Exhibits 5 (App. Exhibit 1A), 6 (App. Exhibit 1B), 11 (App. Exhibit 1C), 19 (App. Exhibit 1D), 35 (App. Exhibit 1E); and 45 (App. Exhibit 1F); July 18, 2007 Form 424B4 Prospectus (App. Exhibit 2); June 29, 2007 Amendment No. 5 to Form S-1/A (App. Exhibit 2A); August 16, 2007 Form 10-Q for quarter ending June 30, 2007 (App. Exhibit 3); November 14, 2007 Form 10-Q for quarter ending September 30, 2007 (App. Exhibit 4); February 14, 2008 Form 424B4 Prospectus (App. Exhibit 5); February 12, 2008 Amendment No. 1 to Form S-1 (App. Exhibit 5A); March 6, 2008 Form 10-K for year ended December 31, 2007 (App. Exhibit 6); May 8, 2008 Form 10-Q for quarter ending March 31, 2008 (App. Exhibit 7); May 12, 2008 Form 8-K (App. Exhibit 23); May 20, 2008 Form 8-K (App. Exhibit 24); May 22, 2008 MLP Conference presentation (App. Exhibit 8); and March 23, 2009 Form 10-Q for the quarter ending June 30, 2008 (App. Exhibit 9).

reasonably questioned. These documents comprise Exhibits 10-26 of defendants' Appendix.[2]

## I. Analysis

In deciding a Rule 12(b)(6) motion to dismiss a securities fraud complaint, the court must accept all factual allegations in the complaint as true and consider the complaint in its entirety, including documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *see also Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009).

### A. Documents Incorporated Into the Complaint

A district court may consider documents referred to in a complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). Defendants seek judicial recognition of various documents plaintiff cited in its complaint, including the Examiner's Report and SEC filings of SemGroup Energy Partners, L.P. ("SGLP") and the individual defendants. The parties do not dispute the documents' authenticity and plaintiff has not objected to defendants' request for judicial recognition of these documents. Therefore, the court finds

---

[2]Documents in this category include: SGLP's 2008 10-K (App. Exhibit 10); Thomas Kivisto's Form 4s (App. Exhibits 11A, 11B and 11C); Gregory Wallace's Form 4s (App. Exhibits 12A, 12B and 12C); Kevin Foxx's Form 4s (App. Exhibits 13A, 13B and 13C); Michael Brochetti's Form 4s (App. Exhibits 14A and 14B); Alex Stallings's Form 4s (App. Exhibits 15A and 15B) W. Anderson Bishop's Form 4s (App. Exhibits 16A, 16B and 16C); Brian Billings's Form 4s (App. Exhibits 17A, 17B, 17C and 17D); the September 12, 2007 Wachovia Capital Markets Report (App. Exhibit 18); the Department of Energy WTI Spot Price Charts and Graphs (App. Exhibits 19 and 26); the Alerian MLP Index (App. Exhibit 20); the NASD's definition of "back-to-back options" (App. Exhibit 21); SGLP's unit price (App. Exhibit 25); and the Report and Recommendation filed in Cause Nos. 99-CV-825, -828, 829, -862, 863, -864, -873, -874, -889, -919, -943, -847, *En re CFS-Related Sec. Fraud Litig.* (N.D. Okla. Dec. 21, 2001) (App. Exhibit 22).

2

defendants' request should be granted with respect to these documents.

## B. Documents Not Subject to Reasonable Dispute

Federal Rule of Evidence 201 provides that a court may take judicial notice of an adjudicative fact not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Defendants contend judicial notice of Appendix Exhibits 10-26 is appropriate because all are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Plaintiff has objected to defendants' request only with respect to Appendix Exhibits 18, 19, 20, 25 and 26.

### 1. Exhibit 18

Exhibit 18 is a September 12, 2007, report by Wachovia Capital Markets discussing SGLP and its parent company, SemGroup, L.P. ("Private Company"). Plaintiff argues Wachovia's analysis and evaluation of the business operations of defendants cannot be judicially noticed because the accuracy of a subjective investment analysis is not objectively verifiable or indisputable, and further because defendants offer the exhibit to prove the truth of the matters asserted therein. Defendants contend, however, that they cite the report to support their proposition that "the market was bullish on SGLP's prospects." [Doc. No. 211 at 8].

Courts have taken judicial notice of analyst reports in motions to dismiss securities claims when the reports are submitted to establish whether and when certain information was provided to the market, but *not* to prove the truth of the matters asserted therein. *See In re Infonet Servs. Corp. Sec. Litig.,* 310 F.Supp.2d 1106, 1115 n.10 (C.D. Cal. 2003); *In re*

*PetSmart, Inc. Sec. Litig.,* 61 F.Supp.2d 982, 987 n. 1 (D. Ariz. 1999).

Exhibit 18 is cited in the SGLP defendants' Motion to Dismiss under the heading, "The Private Company's Financial Difficulties Were Unforeseen" and the subheading "At the time of July 2007 IPO, the future looked bright for SGLP and the market and sophisticated investors agreed." [Doc. 211, §II.C.i., p.8]. Defendants argue therein, "At the time of the July 2007 IPO, the market was bullish on SGLP's prospects." Thus, defendants assert the report is not offered to prove the truth of the matters asserted within the report "but to show generally what the market thought about SGLP and the Private Company." [Doc. No. 229, p. 2]. While the court does not at this point pass judgment on the relevance of defendants' assertion or the weight of the report in supporting the assertion, it appears the document is *not* offered to prove the truth of the matters asserted therein. Nor will it be considered for such purpose. Therefore, judicial notice is appropriate.

### 2. Exhibits 19 and 26

Exhibits 19 and 26, Department of Energy WTI Spot Price Charts and Graphs, are charts of oil prices for periods leading up to and following the bankruptcy filing of SGLP's parent, SemGroup L.P. Plaintiff objects to the charts because defendants cite them to support their argument that the increase in oil prices was "unprecedented" and incapable of prediction.

The court may take judicial notice of stock indexes and other information available on the internet. *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007). While the court again makes no determination whether or to what extent the challenged exhibits support defendants' position that the increase in oil prices was incapable of prediction, judicial recognition of the documents is appropriate under Rule 201.

### 3. Exhibits 20 and 25

Exhibit 20 is the Alerian MLP Index and Exhibit 25 is a chart showing SGLP's closing stock price on July 21, 2009. Defendants cite the exhibits to support the statement in their Motion to Dismiss that "[D]espite SGLP's (extensively disclosed) reliance on the Private Company as its primary customer, SGLP continues today, a year after the Private Company declared bankruptcy–an accomplishment all the more notable given that the MLP market in general suffered massive decline during the third quarter of 2008." [Doc. No. 211, §II.E., p. 13].

Plaintiff challenges whether Exhibits 20 and 25 actually support defendants' statement. Without adjudicating the persuasiveness of the exhibits, the court finds they are properly subject to judicial notice.

## II. Conclusion

For the reasons set forth above, defendants' Joint Request for Judicial Notice [Doc. No. 204] is granted.

ENTERED this 4th day of November, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma