IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: SEMGROUP ENERGY PARTNERS, L.P., SECURITIES LITIGATION | 08-MD-1989-GKF-FHM |

**OPINION AND ORDER**

Before the court is the Motion to Bifurcate Discovery [Doc. No. 309] filed by defendants A.G. Edwards & Sons, Inc.; Goldman, Sachs & Co.; J.P. Morgan Securities LLC, f/k/a J.P. Morgan Securities, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Raymond James & Associates, Incorporated; RBC Capital Markets Corporation; SMH Capital Inc.; UBS Securities LLC; Wachovia Capital Markets LLC; and BOSC, Inc. (the "Underwriter Defendants"). Defendants Carlyle/Riverstone Global Energy and Power Fund II, L.P., C/R SemGroup Investment Partnership, L.P. and C/R Energy Coinvestment II, L.P. (collectively "Carlyle/Riverstone") and Ritchie Opportunistic Trading, Ltd. ("Ritchie") have joined in the motion. [Doc. Nos. 314, 317].

Defendants seek to limit discovery to issues relevant to class certification, staying merits discovery pending resolution of the plaintiffs' anticipated motion for class certification. Plaintiffs oppose the motion.

**I. Background/Procedural Status**

This federal securities class action arises from the July 2008 collapse and bankruptcy of SemGroup, L.P. ("SemGroup" or the "Parent"), the corporate parent of SemGroup Energy Partners, L.P. ("SGLP" or the "Company"), a publicly traded limited partnership. On July 22,

1

2008, the first two of numerous investor lawsuits were filed against SGLP, SemGroup Energy Partners, G.P., LLC, and their principals: *Carson v. SemGroup Energy Partners, L.P., et al.,* Case No. 08-CV-425-GKF-PJC, filed in this district; and *Charles D. Maurer SIMP Profit Sharing Plan, etc. v. SemGroup Energy Partners, L.P., et al.,* 1:08-6598, filed in the Southern District of New York. On October 10, 2008, the United States Judicial Panel on Multidistrict Litigation, acting pursuant to 28 U.S.C. §1407, transferred all such litigation to this court for coordinated or consolidated pretrial proceedings with the *Carson* action. [Doc. Nos. 1, 4]. Pursuant to 15 U.S.C. §78-u-4(a)(3)(B), the court on October 28, 2008, appointed Harvest Fund Advisors LLC ("Harvest Fund") as Lead Plaintiff and approved its selection of lead counsel and liaison counsel. [*Id.,* Doc. No. 84].

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B), discovery in this action was automatically stayed pending resolution of motions to dismiss. A final ruling on the motions to dismiss filed by defendants was entered on July 30, 2010. [Doc. No. 299]. Thus, this lawsuit has been pending more than two years, during which time plaintiffs have been almost completely precluded from conducting discovery.[1]

In a status report filed November 1, 2010, the parties advised the court that Lead Plaintiff had reached an agreement in principle with defendants SemGroup Energy Partners, L.P. (n/k/a Blue Knight Energy Partners, L.P.); SemGroup Energy Partners GP, LLC; Thomas L. Kivisto; Gregory C. Wallace; Kevin L. Foxx; Alex G. Stallings; Michael J. Brochetti; Brian F. Billings;

---

[1] The stay was partially lifted by orders entered February 5, 2009 and March 3, 2009 [Doc. Nos. 30, 64]. Those orders permitted Lead Plaintiff to seek and obtain documents produced in connection with proceedings in the bankruptcy court and investigations by the SEC and the U.S. Attorney's Office.

and W. Anderson Bishop (the "Settling Defendants") to resolve the claims against the Settling Defendants, subject to documentation and court approval. [Doc. No. 313].

Defendants, in their Motion to Bifurcate, advocate a three-month discovery period for issues related to class certification, followed by filing of the anticipated motion for class certification.  Under defendants' proposal, merits discovery would commence only after the motion for class certification was decided.

Lead Plaintiff objects to defendants' proposed bifurcation of class and merits discovery on the grounds that it will lead to further delays.  Lead Plaintiff asserts that a case management schedule which prioritize class certification would effectively moot the need for bifurcation.  In this regard, it agrees with defendants that the deadline for filing a class certification should be approximately three months after the commencement of discovery.

## II.  Analysis

The court has broad discretion to determine how to structure discovery in a complex case. *See Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570-71 (11th Cir. 1992); *Gray v. Winthrop Corporation,* 133 F.R.D. 39, 40 (N.D. Calif. 1990)..

According to the Manual for Complex Litigation (the "Manual"), where class certification is sought "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations." Manual for Complex Litigation, §21.14, at 256**.**  The Manual states:

> Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed.  There is not always a bright line between the two.  Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important

3

> to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.
>
> Allowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue even if not certified. On the other hand, in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden.

*Id.* The Manual notes that "[g]enerally, application of the Rule 23 criteria requires the judge to examine the elements of the parties' substantive claims and defenses in order to analyze commonality, typicality, and adequacy of representation under Rule 23(a), as well as the satisfaction of Rule 23(b)'s maintainability requirement." *Id.* at 255.

Relying on the Manual, courts have found that bifurcation is inappropriate where discovery relating to class certification is closely enmeshed with merits discovery and in fact cannot be meaningfully developed without inquiry into basic issues of litigation. *See Gray,* 133 F.R.D at 41; *In re Plastics Additive Antitrust Litigation,* 2004 U.S. Dist. LEXIS 23989, *7-*8 (E.D. Pa. 2004). "Under such circumstances, bifurcation of discovery may well increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' verses 'class' discovery." *In re Hamilton Bancorp, Inc. Securities Litigation,* 2002 WL 463314, *1 (S.D. Fla. Jan. 14, 2002). Further, where a defendant challenges plaintiff's plea that it is a proper class representative under Rule 23(a), merit-related discovery will likely be required. *See General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 160 (1982). "A more reasoned approach is for the Court to approve a detailed discovery plan which prioritizes 'class' related discovery, while not depriving a plaintiff or defendant from engaging in 'merits' discovery when facts and issues are inextricably

intertwined, or to otherwise address requirements which are essential prerequisites to class determination under Federal Rule of Civile Procedure 23(a)." *Hamilton,* 2002 WL 463314, *1.

The court finds bifurcation of discovery to be inappropriate for the following reasons:

First, this case has been pending for more than two years, and discovery has already been stayed for most of that period under the PSLRA. Bifurcation will almost certainly lead to further delay in the resolution of plaintiffs' claims.

Second, because of the number of investors and the enormity of losses they allege to have incurred, this case is likely to continue even if Lead Plaintiff is not found to be an adequate class representative or class certification is otherwise denied.

Third, the court believes discovery related to class certification is so closely intertwined with merits discovery that bifurcation would be unworkable. An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery. *See Gray,* 133 F.R.D. at 41.

Fourth, the prioritization of class certification will, to a considerable extent, alleviate defendants' concerns about extensive and costly discovery.

### III. Conclusion

For the foregoing reasons, the Motion to Bifurcate [Doc. No. 309] is denied.

ENTERED this 21st day of December, 2010.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

5